AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Eastern District of Missouri |
|---|---|
| Name *(under which you were convicted)*: James Timothy Norman | Docket or Case No.: 20 CR 418 JAR |
| Place of Confinement: Hazelton USP | Prisoner No.: 22122-043 |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* |

V. James Timothy Norman

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court, Eastern District of Missouri
   Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street
   St. Louis, MO 63102

   (b) Criminal docket or case number (if you know): 20-cr-418-JAR

2. (a) Date of the judgment of conviction (if you know): 3/02/2023
   (b) Date of sentencing: 3/02/2023

3. Length of sentence: Life.

4. Nature of crime (all counts):

   Murder for Hire Conspiracy, 18 U.S.C. 1958
   Murder for Hire, 18 U.S.C. 1958 & 2
   Wire and Mail Fraud Conspiracy, 18 U.S.C. 1349

5. (a) What was your plea?  (Check one)
     (1)  Not guilty  ☑        (2)  Guilty  ☐        (3)  Nolo contendere (no contest)  ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have?  (Check one)        Jury ☑        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☑        No ☐

AO 243 (Rev. 09/17)

8.    Did you appeal from the judgment of conviction?        Yes ✔        No ☐

9.    If you did appeal, answer the following:
      (a)  Name of court:  U.S. Court of Appeals for the Eighth Circuit
      (b)  Docket or case number (if you know):  23-1473
      (c)  Result:  Affirmed
      (d)  Date of result (if you know):  July 9, 2024
      (e)  Citation to the case (if you know):  107 F.4th 805 (2024)
      (f)  Grounds raised:

      Error to admit hearsay statement that defendant was "after" victim;
      error to admit co-conspirator statement without sufficient showing
      declarant was conspirator; Sixth Amendment violated by permitting
      blanket invocation of Fifth Amendment by Carroll; Fifth and Sixth
      Amendment violated by failing to compel Yaghnam's testimony;
      defective jury instructions regarding wire fraud conspiracy; other

      (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ✔      No ☐
          If "Yes," answer the following:
          (1) Docket or case number (if you know):  24-879
          (2) Result:
                  Petition denied.
          (3) Date of result (if you know):  March 24, 2025
          (4) Citation to the case (if you know):  145 S.Ct. 1436 (2025)
          (5) Grounds raised:

              Whether the Eighth Circuit's minority rule interpretation of
              FRE 803(3), which allows not only state of mind evidence but
              also the reasons why a declarant had a particular state of
              mind, should be corrected by the Supreme Court.

              Whether the Eighth Circuit erroed when it created a new and
              unprecedented doctrine that a witness may invoke Fifth
              Amendment immunity on the grounds that he might lie on the
              stand.

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
      concerning this judgment of conviction in any court?
      Yes ☐      No ✔

11.   If your answer to Question 10 was "Yes," give the following information:
      (a)  (1) Name of court:
           (2) Docket or case number (if you know):
           (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

         Yes ☐       No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)   Name of court: _____

    (2)   Docket of case number (if you know): _____

    (3)   Date of filing (if you know): _____

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

         Yes ☐       No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)   First petition:      Yes ☐       No ☐

    (2)   Second petition:    Yes ☐       No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**
        Ineffective Assistance of Trial Counsel (Sixth Amendment)

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial counsel was ineffective in failing to subpoena the witness Waiel Yaghnam.  Yaghnam was the insurance agent who submitted the applications at issue in the case.  He had pleaded guilty by the time of petitioner's trial.  He had proffered information to the government in a custodial interview and a non-custodial interview.  Had he been called to testify and testified consistently with these statements, this would have benefited the defendant. In particular, he would have testified that he was present at a meeting where the insured was also present, contrary to the government's position at trial.  He would have testified that he sought to switch from one carrier to another for his financial benefit, contrary to the government's position at trial.  These and other facts from Yaghnam's interviews would have supported the defendant's case.  Had Yaghnam indeed asserted the Fifth privilege, this assertion would have been defeated, as he did not face jeopardy as to the information sought.

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ✔        No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ✔

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

AO 243 (Rev. 09/17)

    (4)   Did you appeal from the denial of your motion, petition, or application?

        Yes ☐        No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐        No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**
       Ineffective assistance of counsel (Sixth Amendment)

   (a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

      Trial counsel was ineffective in failing to timely and adequately disclose information regarding the insurance industry expert, Russell Luce.  Mr. Luce's testimony was excluded on grounds of late disclosure.  The court also opined that the relevance of the opinion was dubious.  Had the disclosure been timely made and adequately presented, Luce would have been permitted to testify. His testimony would have countered a pillar of the government's proof, which is that the insurance policies at issue in the case were unusual or instrinsically suspect.  Luce would have testified that an uncle who is supporting and investing in a nephew who is pursuing a music career has an insurable interest and that such policies are not uncommon or intrinsically suspect.

   (b)  **Direct Appeal of Ground Two:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐        No ☑

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

This ineffective assistance of counsel claim depends on
information outside the record.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:**

Government Interference in the trial (Due Process) (Fifth Amendment)

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

After the trial, Waiel Yaghnam reached out to Robbie Montgomery through an intermediary, and informed her that he had been pressured by a law enforcement officer to avoid being subpoenaed at the trial. This representation bore indicia of reliability in that it made a specific reference to a "10 year" sentence, which corresponded counts in Mr. Yagham's case the government had promised to dismiss but had not yet dismissed.  The intermediary has died.  Ms. Montgomery confirms the conversation took place.  Mr. Yaghnam has declined to speak with Mr. Norman's investigator.

(b) **Direct Appeal of Ground Three:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☑

    (2)   If you did not raise this issue in your direct appeal, explain why:

This claim depends on information outside the record.

(c) **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☑

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3)   Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**
Ineffective assistance of trial counsel.  (Sixth Amendment)

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel for Mr. Norman made a series of errors which, in combination with the errors in grounds one and two and individually, deprived him of the effective assistance of counsel.  Counsel promised evidence in his opening, of Waiel Yaghnam and also Robbie Montgomery, and then did not deliver on these promises.  Counsel opened to door to prejudicial hearsay that investigation revealed that a meeting where the insured signed the insurance applications never took place and did not correct the error. Counsel failed to introduce documentary evidence of Mr. Norman's financial condition, his financial support for his nephew,  that would have corroborated his trial testimony. Counsel failed to effectively cross examine witness Howard regarding his relationship with shooter Hill.

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

This ineffective assistance of counsel claim depends on information outside the record.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

```
None of these grounds have previously been presented in the form they
are presented here, as they allege or depend on facts regarding the
performance of counsel or actions by a government agent which are not
contained within the record.
```

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐      No ✔

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:
 Joseph P. Rogers

(c) At the trial:
 Gloria Rodriguez and Michael Leonard

(d) At sentencing:
 Gloria Rodriguez and Michael Leonard

(e) On appeal:
 Jennifer Bonjean, 750 Lexington Avenue, 9th FL, New York, NY

(f) In any post-conviction proceeding:
 Ian Gold, Law Offices of Alan Ellis

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ✔      No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐      No ✔

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐      No ☐

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

```
The judgment of conviction became final on March 24, 2025, when the
Supreme Court denied the petition for certiorari.  Therefore, the
petition, filed on or before March 24, 2026, is timely.
```

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

`Set aside and vacate the judgement and sentence and grant a new trial`

or any other relief to which movant may be entitled.

`/s/ Ian Gold`
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .

(month, date, year)

Executed (signed) on _____ (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.